UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARRIAN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1775-SPM |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned on the petition of Missouri state prisoner Arrian Harris ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6). For the following reasons, the petition will be denied as untimely.

## I. FACTUAL BACKGROUND

On August 11, 2011, following a jury trial, Petitioner was found guilty of three counts of first-degree robbery and three counts of armed criminal action in the St. Louis City Circuit Court. Resp't Ex. B, at 113-18. The court sentenced Petitioner to ten-year prison terms for each of the first-degree robbery counts and three-year terms for each of the armed criminal action counts, with the sentences arranged so that they would total twenty years of imprisonment. *Id.* at 114-16. On August 14, 2012, the Missouri Court of Appeals affirmed his conviction on direct appeal. Resp't. Ex. E. On November 6, 2012, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Resp't Ex. F, at 5-14. On June 27, 2013, through counsel, Petitioner filed an amended motion for post-conviction relief. Resp't Ex. F, at 5, 19-30. On

December 1, 2014, following an evidentiary hearing, the motion court denied the motion. Resp't Ex. F, at 3-4, 59-67. On November 24, 2015, the Missouri Court of Appeals affirmed the motion court's denial of Petitioner's motion. Resp't Ex. I. On December 18, 2015, the Missouri Court of Appeals issued its mandate on Petitioner's request for post-conviction relief. Resp't Ex. K, at 3. Petitioner did not seek transfer to the Missouri Supreme Court. *Id.*

On November 7, 2016, Petitioner filed the instant petition,[1] challenging his St. Louis City convictions on several grounds. On May 25, 2017, Respondent filed a response, arguing that the petition was not timely filed and that each claim was procedurally defaulted and/or meritless. (Doc. 16). Petitioner did not file a reply. After review of the parties' filings, the Court recognized the possibility that Petitioner might be attempting to challenge a Franklin County conviction for "tampering" in addition to the 2011 St. Louis City convictions, and the Court requested supplemental briefing from the Respondent addressing the Franklin County conviction. On December 19, 2019, Respondent submitted a supplemental response, along with relevant exhibits. These exhibits show that on July 27, 2015, Petitioner pleaded guilty in the Franklin County Circuit Court to one count of tampering with a motor vehicle in the first degree based on conduct that occurred at or around the time of the conduct underlying the St. Louis City convictions, and he was sentenced to five years to run concurrently with his sentences from St. Louis City. Resp't Ex. L, at 2; Resp't Ex. M. Respondent argued that the petition was untimely as to the Franklin County conviction, that Petitioner is not permitted to challenge convictions from two courts in a single

---

[1] Although the petition was not received by this Court until November 10, 2016, Petitioner declares that he placed the petition in the prison mailing system on November 7, 2016. "[A] *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna,* 523 F.3d 850 (8th Cir. 2008).

petition, and that the claims are meritless to the extent that they challenge the Franklin County conviction. Petitioner was given the opportunity to file a reply, but he did not do so.

## II. DISCUSSION

### A. Timeliness of Petitioner's Challenge to the St. Louis City Convictions

Respondent argues that the petition must be dismissed because it was not timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Absent tolling, failure to file within that one-year window requires the Court to dismiss the petition as untimely. *See, e.g.*, *Burks v. Kelley*, 881 F.3d 663, 667 (8th Cir. 2018).

The Court first considers when AEDPA's one-year limitations period began to run in this case. AEDPA provides:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1). Respondent argues that the latest of these dates is the one described by § 2244(d)(1)(A)—the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review. Petitioner does not object to that argument, and the Court does not find any basis in the record for a finding that any later date applies.

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the time for seeking review expires fifteen days after the Missouri Court of Appeals affirms the conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. Sup. Ct. R. 83.02 ("Application by a party for such transfer [to the Missouri Supreme court] shall be filed within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed . . . .").

The Missouri Court of Appeals affirmed Petitioner's conviction on direct appeal on August 14, 2012. Resp't Ex. E. Petitioner did not file a motion to transfer to the Missouri Supreme Court. Resp't Ex. J, at 2. Thus, the judgment became final on August 29, 2012, and the one-year statute of limitations period began to run on that date.

AEDPA's statute of limitations is tolled while a properly filed application for State post-conviction review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). *See also Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). Thus, when Petitioner filed his *pro se* motion for post-conviction relief on November 6, 2012, the tolling of the limitations period began. However, the period of time "between the date that direct review of a conviction is

completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). Thus, the 69 days that elapsed between the date the conviction became final (August 29, 2012) and the date Petitioner filed his pro se motion for post-conviction relief (November 6, 2012) count against the one-year limitations period.

In Missouri, post-conviction relief proceedings are not final and remain "pending" for purposes of AEDPA tolling until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). Thus, the limitations period on Petitioner's claims remained tolled until December 18, 2015, when the Missouri Court of Appeals issued its mandate on Petitioner's request for post-conviction relief. Resp't Ex. K, at 3.[2] As of that date, Petitioner had 296 days remaining in which to file his petition in this court. Thus, his petition had to be filed no later than Tuesday, October 11, 2016.[3] However, Petitioner did not file his petition until November 7, 2016—at least 27 days after the one-year limitations period had expired. Thus, the instant petition is untimely.

The Court recognizes that AEDPA's one-year statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v.*

---

[2] Respondent also argues that there are an additional thirteen non-tolled days (between January 9, 2015, and January 22, 2015), because Petitioner did not timely file his notice of appeal, but rather received permission to file a late notice of appeal. In light of the fact that the petition is clearly untimely even without considering this, the Court need not address this issue.

[3] Two-hundred-and-ninety-six days from December 18, 2015, is actually Sunday, October 9, 2016. However, when the last day of a period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Because October 9, 2016, was a Sunday, and October 10, 2016, was a legal holiday, the petition was due on Tuesday, October 11, 2016.

*DiGugliemo*, 544 U.S. 408, 418 (2005). *Accord Holland*, 560 U.S. at 649. Petitioner has not provided the Court with any facts or arguments to support a finding of equitable tolling, nor has Petitioner responded in any way to Respondent's statute of limitations argument.

### B. Petitioner's Franklin County Conviction

Although the petition is primarily directed to Petitioner's St. Louis County convictions, the Court has also considered the possibility that Petitioner is attempting to challenge his Franklin County conviction. Under Rule 2(e) of the Rules Governing Section 2254 Cases, "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." *See also Thompson v. Mo. Bd. of Probation & Parole*, 39 F.3d 186, 189 (8th Cir. 1994) (rejecting the petitioner's argument that the district court erred in determining that the petitioner was challenging a conviction from one court but would need to file a separate petition to challenge a conviction from a different court; stating, "The rule clearly does not allow Thompson to challenge both the Scott County conviction and the Butler County conviction in one § 2254 petition."). Thus, to the extent that Petitioner seeks to challenge his Franklin County conviction, he must do so through the filing of a separate petition.[4]

---

[4] The Court also notes that, as Respondent argues, it appears that the time for Petitioner to file a petition challenging the Franklin County conviction expired before the date the instant petition was filed. Petitioner pleaded guilty on July 27, 2015 in the Franklin County Circuit Court to one count of tampering with a motor vehicle in the first degree, and he was sentenced on that date. Resp't Ex. L, at 2; Resp't Ex. M. Under Missouri Supreme Court Rules 30.01 and 81.04(a), Petitioner had ten days in which to file a notice of appeal. Petitioner did not file a notice of appeal, and thus his conviction became final by expiration of the time for seeking direct review expired on August 6, 2015. On that date, the one-year limitations period began to run. *See, e.g., Taylor v. Wallace*, No. 4:13-CV-2017-SNLJ-ACL, 2017 WL 650599, at *3 (E.D. Mo. Jan. 11, 2017) (where petitioner did not file a direct appeal of his convictions after a guilty plea, the statute of limitations began to run ten days after the petitioner was sentenced); *Mueller v. Wallace*, No. 4:12-CV-1199-HEA, 2014 WL 7003779, at *3 (E.D. Mo. Dec. 10, 2014) (same). Because Petitioner did not seek post-conviction review of the Franklin County conviction, there was no statutory tolling under section 2244(d)(2). Petitioner's one-year limitations period thus expired on August 6, 2016—three months before he filed the instant petition

### III.   CONCLUSION

For all of the above reasons, the petition was not timely filed, and Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Arrian Harris' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of March, 2020.